UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ZEPHRA SELMON,

       Plaintiff,

                             Case No. 1:25-cv-409

v.

                             Hon. Paul L. Maloney

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Magistrate Judge Sally J. Berens's Report and Recommendation (R&R).  (ECF No. 10.)  In the R&R, Magistrate Judge Berens's recommended that the Commissioner's decision be affirmed.  Plaintiff filed objections.  (ECF No. 11.)  Plaintiff argues that the Administrative Law Judge (ALJ) did not properly consider certain evidence in the administrative record.  The Court finds that the ALJ properly considered the record evidence and explained how he factored the evidence into his analysis, as Magistrate Judge Berens found in the R&R. And so, the Court will adopt the R&R in full.

## I.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and

recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).  An "objection does not oblige the district court to ignore the report and recommendation."  *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012).  Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections."  W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

This is a social security case involving the appeal of an administrative law judge's decision.  Judicial review of an ALJ's decision "is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence."  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see* 42 U.S.C. § 405(g).  An ALJ's findings are supported by substantial evidence if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion."  *Blakley*, 581

2

F.3d at 406 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)).

## II.

Plaintiff argues that the ALJ failed to account for her migraine triggers in determining her residual functional capacity (RFC).  When asked on a questionnaire what causes her headaches, Plaintiff wrote: "Stress and possibly environmental factors or food.  Have not pinpointed causes."  (Admin. R., ECF No. 3-2, Page ID.267.)  As Judge Berens explains in her report, the ALJ carefully considered the record as a whole, including Plaintiff's statements and subjective complaints, and found that Plaintiff's migraines were not as limiting as alleged. The Court agrees with Judge Berens that this conclusion is supported by substantial evidence and is well within the ALJ's "zone of choice."  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

"Weighing conflicting evidence was properly within the ALJ's role" and because the ALJ here had substantial evidence to support his finding, the Court must accept it.  *See Sallaz v. Comm'r of Soc. Sec.*, No. 23-3825, 2024 WL 2955645, at *7 (6th Cir. June 12, 2024).  After all, the Court's "role is not to resolve conflicting evidence in the record."  *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003).  And the ALJ's findings "are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion."  *Buxton v. Halter*, 246 F.3d

762, 772 (6th Cir. 2001).  Plaintiff's first objection is without merit and, therefore, overruled.

Plaintiff also argues that the ALJ should have incorporated his finding of mild mental limitations into Plaintiff's RFC.  She argues that, if the ALJ had incorporated these findings, the mild limitations of memory loss and social functioning would affect her ability to perform the requirements of her past relevant work as a paralegal or legal secretary because those jobs involve social interactions and skilled labor.  Once again, the Court agrees with Judge Berens's report.  Judge Berens explains that multiple courts in the Sixth Circuit have held that an ALJ does not err when they fail to incorporate mild limitations into their assessment of a claimant's RFC.  (*See* R&R 10-11 (collecting cases).)  In addition, Plaintiff fails to satisfy their burden to show what limitations would be necessary to accommodate her mild mental limitations.  There is no medical source in the record that opined on the need for any change to Plaintiff's RFC based on these limitations.  (*Id.* at 12.)  As a result, Plaintiff's second objection is also overruled.

4

## III.

The R&R (ECF No. 10) is thus **ADOPTED.**  The decision of the ALJ is

**AFFIRMED.  IT IS SO ORDERED**.

Dated:  April 6, 2026                          /s/ Paul L. Maloney
                                                PAUL L. MALONEY
                                                UNITED STATES DISTRICT JUDGE